Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# OPINION

No. 04-09-00756-CV

**CASTLE & COOKE MORTGAGE, LLC**,
Appellant

v.

**DIAMOND T RANCH DEVELOPMENT, INC.**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-01575
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
        Sandee Bryan Marion, Justice
        Steven C. Hilbig, Justice

Delivered and Filed:  October 27, 2010

DISMISSED FOR LACK OF JURISDICTION

    This is a restricted appeal of a default judgment awarding Diamond T Ranch Development, Inc. $6,807,142.10 in damages.  Diamond T asserted multiple claims against Castle & Cooke Mortgage, LLC for allegedly failing to fully fund a loan and interfering with a potential sale of Diamond T's property.  In its brief, Castle & Cooke asserts the default judgment is interlocutory or, in the alternative, the evidence is insufficient to support the trial court's award

of damages and attorney's fees. Because we hold the default judgment is interlocutory, the appeal is dismissed for lack of jurisdiction.

## BACKGROUND

Diamond T borrowed $3,000,000 from Castle & Cooke to develop a tract of real property. Diamond T subsequently sued Castle & Cook, alleging it failed to fully fund the loan, thereby preventing the development of the property. Diamond T also alleged that Castle & Cook wrongfully accelerated the debt, tortiously interfered with a potential sale of the property, engaged in an unconscionable course of action, and committed numerous deceptive acts.

After Diamond T filed the lawsuit in February of 2009, the parties entered into a Rule 11 Agreement pursuant to which Castle & Cooke agreed not to take any action to foreclose on Diamond T's property, and Diamond T agreed to drop the setting on its motion for temporary injunction. Because Castle & Cooke subsequently failed to timely answer, Diamond T moved for a default judgment. On June 1, 2009, the Honorable Antonia Arteaga signed a default judgment which states:

> After considering the motion for default judgment of plaintiff, Diamond T Ranch Development, Inc., the pleadings, the affidavits, and the argument of counsel, the court grants plaintiff's motion for default judgment against defendant, Castle & Cooke Mortgage, LLC. Plaintiff is awarded damages of $6,807,142.10, attorney fees of $10,000, costs of court, and post judgment interest at the maximum rate allowed by law.

No reporter's record was taken at the default judgment hearing.

On August 3, 2009, Castle & Cooke filed a motion for new trial which the trial court denied. The order, signed by the Honorable Larry Noll, stated that the court was "of the opinion that it [did] not have jurisdiction" to hear the motion.

Although Diamond T obtained a turnover order signed by the Honorable Sol Casseb on October 28, 2009, the Honorable Janet Littlejohn signed a subsequent order on November 5,

2009, setting aside the turnover order. The trial court's order stated, "The Court makes no finding or order on whether the default judgment entered against the defendant on June 1, 2009 is interlocutory or final."

On November 24, 2009, Castle & Cooke filed its notice of restricted appeal. On December 18, 2009, Castle & Cooke filed a request for a jury trial. On February 9, 2010, the Honorable John D. Gabriel signed an order granting Diamond T's motion to drop and/or strike the request for a jury trial and ordering the request for a jury trial to be stricken and dismissed. This order was in conformance with the handwritten notes of the Honorable Sol Casseb.

On March 11, 2010, Diamond T filed a motion to compel discovery in aid of judgment. In its motion, Diamond T asserted the finality of the default judgment was confirmed by the trial court's order stating that it did not have jurisdiction to consider Castle & Cooke's motion for new trial. Diamond T also referred to the trial court's order quashing the jury setting as an indication that the default judgment was final. On March 31, 2010, the Honorable John D. Gabriel signed an order granting the motion to compel and ordering Castle & Cooke to submit to a deposition. On May 24, 2010, Castle & Cooke filed a supersedeas bond.

### FINALITY OF JUDGMENT

In its brief, Castle & Cooke asserts the default judgment is interlocutory because it did not address all of Diamond T's claims or requests for relief, including its request for additional and exemplary damages. In its brief, Diamond T initially relies on the judgment's award of costs and post-judgment interest to assert the judgment is final. Diamond T also contends Castle & Cooke acknowledged the finality of the judgment by filing a motion for new trial and notice of appeal. Diamond T further relies on the trial court's order stating it lacked jurisdiction to rule on the motion for new trial as evidence that the trial court intended the default judgment to be final.

Diamond T asserts that the default judgment disposed of the declaratory relief by awarding attorney's fees and the request for injunctive relief was moot because damages were awarded.

In addition to the arguments made in its brief, Diamond T filed a separate motion to dismiss Castle & Cooke's appellate issue challenging the finality of the judgment. Diamond T attached documents to its motion relating to a separate garnishment action; however, those documents are not part of the appellate record. Diamond T argues that the actions taken by Castle & Cooke acknowledging the finality of the judgment render the finality issue moot. Diamond T further argues that Castle & Cooke is bound by the trial court's ruling in the garnishment action that the default judgment was final. Finally, Diamond T argues that Castle & Cooke accepted the benefit of the judgment's finality by filing a supersedeas bond.

Castle & Cooke filed a response to Diamond T's motion to dismiss. In the response, Castle & Cooke stated that it was waiving its issue challenging the finality of the judgment. During oral argument, however, Castle & Cooke withdrew its waiver and argued the jurisdictional issue.

With regard to the arguments seeking to estop Castle & Cooke from challenging our jurisdiction to consider this appeal and Castle & Cooke's attempt to waive the jurisdictional issue, jurisdiction exists by operation of law and cannot be conferred or taken away by consent or waiver. *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993); *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). Similarly, jurisdiction cannot be conferred by estoppel. *In re H.G.*, 267 S.W.3d at 124. "[W]hile equity may estop a party from relying on a mere statutory bar to recovery, it cannot confer jurisdiction where none exists." *Id.* at 124-25. We have an independent duty to determine *sua sponte* whether we have the authority to hear an appeal; the parties cannot confer jurisdiction by

agreement. *Russ Berrie & Co. v. Gantt*, 998 S.W.2d 713, 715 (Tex. App.—El Paso 1999, no pet.). Accordingly, no action taken by Castle & Cooke could create jurisdiction where none existed.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Id*. "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id*.

Default judgments are not presumed final. *Id*. at 199. "A judgment that finally disposes of all remaining parties and claims, based on the record of the case, is final, regardless of its language." *Id*. at 200. "The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case." *Id*. "But the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Id*. "It is not enough, of course, that the order or judgment merely use[s] the word 'final.'" *Id*. "The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself." *Id*. "But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id*. "A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory." *Id*.

For an order or judgment to be final, there must be some "clear indication that the trial court intended the order to completely dispose of the entire case." *Id*. at 205. "To determine an

issue of finality we are directed to divine the intention of the trial court 'from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'" *Zamarripa v. Sifuentes*, 929 S.W.2d 655, 657 (Tex. App.—San Antonio 1996, no writ) (quoting *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex. 1996)). Although we can be aided by the parties' conduct in determining finality, we must exercise caution in doing so since parties cannot confer jurisdiction by waiver, consent, or estoppel. *In re H.G.*, 267 S.W.3d at 124-25.

In its petition, Diamond T asserted claims for: (1) breach of contract; (2) wrongful acceleration; (3) violations of the Texas Deceptive Trade Practices Act; (4) tortious interference with contract; and (5) declaratory judgment. Diamond T requested declaratory relief, injunctive relief, actual damages, additional damages, exemplary damages, attorney's fees, and court costs. The default judgment awarded Diamond T damages of $6,807,142.10, attorney's fees of $10,000, costs of court, and post-judgment interest. The damage award is based on the affidavit testimony of Dode Harvey, Diamond T's custodian of records, who stated, "The total amount required to put Diamond T back in the same economic position it would have been with regard to Castle & Cook debt if the promissory note and deed of trust and security agreement had not been signed is $6,807,142.10."

Castle & Cooke contends that the judgment did not address Diamond T's request for declaratory and injunctive relief, additional damages, or exemplary damages. Accordingly, Castle & Cooke contends the default judgment is interlocutory.

The primary case Castle & Cooke relies on to support its position is the Texas Supreme Court's decision in *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827 (Tex. 2005). In that case, Burlington sought mandamus relief seeking to vacate a trial court's orders permitting execution of a judgment on the basis that the judgment was not final. 167

S.W.3d at 828. In the underlying suit, Evangelina Garcia sued Burlington for injuries she sustained while shopping, seeking to recover both actual and exemplary damages. *Id*. When Burlington failed to file an answer, the trial court rendered a default judgment in favor of Garcia. *Id*. The judgment included a finding that Burlington was negligent and awarded Garcia $183,000 plus post-judgment interest. *Id*. The judgment further provided, "[a]ll other relief not expressly granted is hereby denied." *Id*.

The judgment was signed on March 25, 2002. *Id*. Burlington filed a motion for new trial which the trial court initially granted on August 12, 2002. *Id*. at 828-29. Garcia argued that the order granting the new trial was void because the trial court's plenary power expired on July 10, 2002. *Id*. at 829. "On August 21, 2002, the trial court entered a docket notation indicating that the new trial was cancelled due to a lack of jurisdiction; however, the trial court did not sign a written order to that effect." *Id*. In September of 2002, Garcia attempted to enforce the judgment through execution. *Id*. In order to avoid execution, Burlington placed $191,523.24 in the registry of the court and filed a motion to quash execution, arguing the trial court's judgment was interlocutory. *Id*. The trial court denied the motion to quash and ordered the monies in the registry to be released to Garcia's attorney. *Id*. Burlington then sought mandamus relief. *Id*.

The Texas Supreme Court held that the trial court's default judgment was interlocutory. *Id*. The court asserted "a default judgment that fails to dispose of all claims can be final only if 'intent to finally dispose of the case' is 'unequivocally expressed in the words of the order itself.'" *Id*. at 830 (quoting *Lehmann*, 39 S.W.3d at 200). The court noted that the default judgment in Burlington's case failed to dispose of all claims. *Id*. Although it awarded damages on the claim of negligence, it failed to dispose of Garcia's claim for exemplary damages based on gross negligence. *Id*. "Because the judgment [did] not dispose of all claims, it [could not] be

final unless its words 'unequivocally express' an 'intent to finally dispose of the case.'" *Id*. (quoting *Lehmann*, 39 S.W.3d at 200).

The Texas Supreme Court concluded that the default judgment in question lacked an unequivocal expression of finality. *Id*. The court noted the judgment did not state it was a final judgment. *Id*. Although the judgment awarded costs and provided that Garcia was entitled to enforce the judgment through abstract, execution and any other process necessary, the court held those factors were not dispositive. *Id*. (citing *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692 (Tex. 1986)). The court concluded the judgment did not purport to dispose of all parties and all claims, and it did not actually dispose of Garcia's claim for punitive damages. *Id*.

Compared to the judgment in the instant case, the judgment in *Burlington* contained greater expression of finality. Arguably, the judgment in this case can be read as implicitly denying the injunctive relief by awarding damages. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (injury must be irreparable to obtain injunctive relief and injury is irreparable only if the injured party cannot be adequately compensated in damages). However, similar to the judgment in *Burlington*, the judgment in the instant case does not appear to dispose of Diamond T's declaratory relief claim, DTPA claim, or tortious interference claim, and it does not address the exemplary or additional damages requested in relation to the tort claims. *See also In re Drake*, No. 14-09-01058-CV, 2010 WL 431299, at *2 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, orig. proceeding) (mem. op.) (holding default judgment interlocutory where judgment referred to only one cause of action and failed to address requests for mental anguish damages, punitive damages, or treble damages and did not contain any clear and unequivocal language demonstrating an intent to render a final judgment). Moreover, the Texas Supreme

Court in *Burlington* did not consider the rulings of the trial court relating to a motion for new trial to be dispositive of the finality issue, focusing instead on the wording of the judgment itself. Similarly, the awarding of post-judgment interest in *Burlington* also failed to convince the court that the judgment was final. Finally, Burlington's deposit of cash into the registry of the court, similar to Castle & Cooke's posting of a supersedeas bond, did not persuade the court that the judgment was final.

Diamond T cites an opinion from this court in which we held a default judgment was final. *See In re Griffith*, No. 04-03-00322-CV, 2003 WL 21508337 (Tex. App.—San Antonio July 2, 2003, orig. proceeding [mand. denied]) (mem. op.). In that case, the judgment awarded the plaintiff $700,000 in trebled economic damages, $580,000 in trebled mental anguish damages, and $2,000 in attorney's fees. 2003 WL 21508337, at *1. The judgment recited, "Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of the judgment. Let execution issue. All relief not expressly granted herein is denied." *Id*. at *2. This court rejected the argument that the judgment did not address any claims other than the DTPA claims, noting that the default judgment expressly listed all of the claims alleged in the petition, and concluded that the plaintiff suffered damages "as a result of Defendants [sic] conduct."[1] *Id*. at *3. This court held that the reference to the plaintiff suffering damages as a result of the defendants' conduct unambiguously related to all of the plaintiff's claims. *Id*.; *see also In re Vlasak*, 141 S.W.3d 233, 236-37 (Tex. App.—San Antonio 2004, orig. proceeding) (holding default judgment final where plaintiff sought only damages, pre-judgment interest, and post-judgment interest against two defendants and default judgment was granted

---

[1] The default judgment stated: "That in her Original Petition, Plaintiff sought a judgment against Defendants Lefton for their breach of contract, tortious interference, common law fraud/intention [sic] misrepresentation, intentional infliction and violation of the Texas Deceptive Trade Practices Act." *In re Griffith*, 2003 WL 21508337, at *2.

against both defendants, awarding damages, court costs, and post-judgment interest, and judgment stated "all other relief not specifically granted is denied").

Unlike *Griffith*, the default judgment in the instant case contains no reference to all of the claims contained in Diamond T's petition and is silent as to both the exemplary damages and additional damages sought in connection with Diamond T's tort claims. Furthermore, unlike the judgment in *Griffith*, the judgment in the instant case did not contain any recitations of finality.

Diamond T also relies on a decision from the Texas Supreme Court which cites *Burlington*, but holds the summary judgment in question was final. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615 (Tex. 2007). In that case, ExxonMobil argued the judgment was interlocutory because it did not dispose of Ford's statutory claim for expert witness fees. *Id.* at 617. ExxonMobil argued that the undisputed evidence established attorney's fees of $36,167 and expert fees of $1,500, and the applicable statute permitted ExxonMobil to recover both. *Id.* Diamond T primarily relies on the following language in the opinion: "We have never held that an order disposing of all claims can be final only if it itemizes each and every element of damages pleaded." *Id.* In holding that the judgment was final, however, the court asserted "Ford moved for summary judgment on the entire case, and the trial court granted it as to all claims and all parties." *Id.*

In the *Ford* case, Ford sued Exxon seeking: (1) cancellation of an easement amendment; (2) removal of a pipeline; (3) removal of an alleged cloud on title; and (4) the quieting of title. *Exxon Mobile Chem. Co. v. Ford*, 187 S.W.3d 154, 157 (Tex. App.—Beaumont 2006), *rev'd in part*, 235 S.W.3d 615 (Tex. 2007). Ford also alleged Exxon committed statutory fraud. *Id.* The trial court's summary judgment ordered, adjudged, and decreed that: (1) the easement amendment was annulled and cancelled; (2) the cloud on title was removed and title was quieted

in Ford; (3) Exxon was required to remove the pipeline; and (4) Ford was awarded $36,167 for statutory fraud. Exxon's complaint with regard to finality was that the $36,167 included only the attorney's fees it was entitled to recover in relation to the statutory fraud claim, but not the expert witness fees it also was entitled to recover in relation to that claim. *Ford*, 235 S.W.3d at 617. Because the summary judgment disposed of the statutory fraud claim in awarding the $36,167, the Texas Supreme Court rejected the argument, noting the award in relation to the statutory fraud claim may have been incorrect, but it did not mean the trial court failed to dispose of the claim. *Id*.

In the instant case, neither Diamond T's motion for default judgment nor the judgment itself references all of Diamond T's causes of action. The difficulty in this case is not that the judgment does not "itemize each and every element of damages pleaded." *See id*. Rather, the difficulty is that the judgment contains no indication that it disposed of all of Diamond T's claims, especially Diamond T's tort claims. Unlike the judgments in *Ford* and *Griffith* which contained references to all of the claims contained in the pleadings, the judgment in the instant case is silent.

**CONCLUSION**

Because the default judgment in the instant case does not contain an unequivocal expression of the trial court's intent to dispose of all of Diamond T's claims, the judgment is interlocutory. *See Burlington*, 167 S.W.3d at 830. We express no opinion on the merits of the judgment. Accordingly, this appeal is dismissed for lack of jurisdiction.

Catherine Stone, Chief Justice