NO. 12-11-00056-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

MARK DIXON,                                             §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







OPINION

            In
this original proceeding, Relator, Mark Dixon, seeks a writ of mandamus
requiring the trial court to rule on his “Motion for Reconsideration and
Modification of Order” or, alternatively, to proceed to final judgment by trial
or by the execution of a final judgment.[1]  For
the reasons set forth below, we deny Dixon’s petition.  

 

Background

            Dixon
filed suit against Robert Peltier and Peltier Enterprises, Inc. (the company or
collectively, Peltier).  Dixon had been service manager for the company’s Nissan
dealership in Tyler since May 15, 1991.  In 1998, Dixon was named by the
company as a key employee and selected to become part of the company’s long-term
incentive compensation plan (incentive plan).  Robert Peltier, the company’s
president, was the administrator of the incentive plan.  The plan document stated
that Dixon and other key employees would vest in the incentive plan “only after
twenty (20) years of full-time, continuous employment with the Company by such Participant,
commencing with the Effective Date of the Plan.”  In December 2008, Robert Peltier
terminated Dixon as part of a general reduction in force by the company.

            In
his suit, Dixon sought a declaratory judgment that he remained part of the
incentive plan, even after his termination from the company.  Additionally,
Dixon alleged causes of action against Robert Peltier and the company for
breach of contract, breach of fiduciary duty, fraud/fraudulent inducement, and
negligent misrepresentation.  On April 7, 2010, following discovery, the trial
court signed an order stating in part that “the Court has been presented with
an agreement entered into by and between Plaintiff and Defendant in this
lawsuit which includes a Stipulation of Facts and a schedule for submitting
this case to the Court by mutual motions for summary judgment.”  By signing the
order, the court approved this agreement.

            On
April 20, Peltier filed a motion for summary judgment, which stated in part
that they were 

entitled to a summary judgment that declares that Plaintiff
was not a Participant in the Plan and secondarily that he was an at-will
employee who could be terminated at will, and since he was terminated prior to
his being vested in the Plan, he is no longer a Participant in the Plan and has
no property interest in it.

 

In their prayer,
Peltier requested that “judgment be rendered for Defendants and against Plaintiff
denying Plaintiff any recovery against Defendants.”  Peltier relied solely upon
the stipulation between the parties as evidence for their motion.

            Three
days later, Dixon filed his motion for partial summary judgment.  In the motion,
Dixon not only sought a declaration of his rights under the incentive plan, but
also alleged that Robert Peltier made certain misrepresentations to him.  As
part of his summary judgment evidence, Dixon attached his affidavit containing
a history of his dealings with Robert Peltier and the company, which included a
description of the alleged misrepresentations.  Peltier filed a response to
Dixon’s motion for partial summary judgment in which they attached the
affidavit of Sherry Mead, another key employee who was part of the incentive
plan.  Mead swore to facts rebutting Dixon’s affidavit.

            Following
submission of these motions for summary judgment and responses, the trial court
on June 4 entered an order granting Peltier’s motion for summary judgment. In
its final paragraph, the order stated “IT IS, THEREFORE, ORDERED ADJUDGED AND
DECREED that Defendants’ Motion for Summary Judgment is hereby GRANTED in its
entirety and that Plaintiff’s causes of action as to Defendants are hereby
dismissed with prejudice.”  Also on the same date, the trial court entered an order
denying Dixon’s motion for partial summary judgment.

            On
June 15, Dixon filed a “Motion for Reconsideration and Modification of Order”
in which he asked the trial court to set aside both of the June 4, 2010
orders.  Alternatively, he requested that the court modify its order granting
Defendants’ Motion for Summary Judgment signed on June 4, 2010, and
specifically asked the court to delete the language stating that “Plaintiffs’
causes of action as to Defendants are hereby dismissed with prejudice.” 
Peltier filed a response to Dixon’s motion on June 23 and with it included a
proposed final judgment for the trial court to consider.  Following the signing
of its June 4 orders, the trial court took no further action in this case.  On
February 23, 2011, Dixon filed this original mandamus proceeding with this
court.

 

Prerequisites
To Mandamus

            A
writ of mandamus will issue only if the trial court has committed a clear abuse
of discretion and the relator has no adequate remedy by appeal.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding).  A clear abuse of discretion occurs when an action is so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law.  In
re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

 

Abuse
of Discretion

            To
determine whether Dixon has satisfied the first prerequisite to mandamus, we
first consider Dixon’s alternative argument that the trial court abused its
discretion by failing to sign an appealable final judgment.  We then address
Dixon’s arguments that the trial court abused its discretion in failing to rule
on his motion for reconsideration and by failing to proceed to a final judgment. 


            Peltier
contends that the trial court did not abuse its discretion because the court’s order
granting Peltier’s summary judgment motion dismissed Dixon’s causes of action
with prejudice.  Therefore, Peltier urges that the order was final for purposes
of appeal.

Finality
of June 4, 2010 Order

            A
judgment is final for purposes of appeal if it disposes of all pending parties
and claims in the record, except as necessary to carry out the decree.  Lehmann
v. Har-Con, Corp., 39 S.W.3d 191, 195 (Tex. 2001).  But the language of
an order or a judgment can make it final, even though it should have been
interlocutory, if that language expressly disposes of all claims and all parties. 
Id. at 200.  The intent to finally dispose of the case must be
unequivocally expressed in the words of the order itself.  Id.  If
that intent is clear from the order, then the order is final and appealable,
even though the record does not provide an adequate basis for rendition of
judgment.  Id.  So, for example, if a defendant moves for summary
judgment on only one of the four claims asserted by the plaintiff, but the
trial court enters judgment that the plaintiff take nothing on all claims
asserted, the judgment is final—erroneous, but final.  Id.

            Granting
more relief than the movant is entitled to makes the order reversible, but not
interlocutory.  Id. at 204.  Language that the plaintiff take
nothing by his claims in the case, or that the case is dismissed, shows
finality if there are no other claims by other parties.  Id. at
205.  If the language of the order is clear and unequivocal, it must be given
effect despite any other indications that one or more parties did not intend
for the judgment to be final.  Id. at 206.  An expressed
adjudication of all parties and claims is not interlocutory merely because the
record does not afford a legal basis for the adjudication.  Id. 
“To determine an issue of finality, we are directed to define the intention of
the trial court ‘from the language of the decree and the record as a whole,
aided on occasion by the conduct of the parties.’”  Castle & Cooke
Mortg.,  LLC v. Diamond T Ranch Dev., Inc., 330 S.W.3d 684, 688 (Tex.
App.–San Antonio 2010, no pet.) (quoting Continental Airlines, Inc. v.
Kiefer, 920 S.W.2d 274, 277 (Tex. 1996)).

            Here,
the court’s April 7 order stated that the parties would be “submitting this
case to the court by mutual motions for summary judgment.”  The prayer in Peltier’s
motion for summary judgment asked that “judgment be rendered for Defendants and
against Plaintiff denying Plaintiff any recovery against Defendants.”  On June
4, 2010, the trial court signed an order denying Dixon’s motion for partial
summary judgment and another order granting Peltier’s motion for summary
judgment.  On its face, the trial court’s order granting Peltier’s motion reflects
finality by its statement that the motion for summary judgment is “hereby
granted in its entirety and . . . Plaintiff’s causes of action as to Defendants
are entirely dismissed with prejudice.”  Further, the trial court appears to be
emphasizing that Dixon’s causes of action are dismissed by using the term “with
prejudice.”[2] 


            Dixon
specifically asked the court to remove the language “Plaintiff’s causes of
action as to Defendants are hereby dismissed with prejudice” from its order
granting Peltier’s summary judgment motion.  This is some indication that Dixon
did not intend for the order to be final.   However, the language of the order
is clear and unequivocal, and it must be given effect.  See Lehmann,
39 S.W.3d at 206 (clear and unequivocal language of finality must be given
effect despite indications that one or more parties did not intend for judgment
to be final).  Accordingly, we hold that the language of the order and the
record as a whole establish that the June 4, 2010 order granting Peltier’s
motion for summary judgment was final for purposes of appeal.

Failure to
Rule on Motion for Reconsideration

            A
motion for reconsideration is equivalent to a motion for new trial.  Dayco
Products, Inc. v. Ebrahim, 10 S.W.3d 80, 83 (Tex. App.–Tyler 1999, no
pet.).  Trial courts have not been required to rule on motions for new trial because
the passage of time may serve to overrule a new trial motion by operation of
law.  Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 28 (Tex. 1994);
see also Tex. R. Civ. P.
329b(c) (“In the event an original or amended motion for new trial . . . is not
determined by written order signed within seventy-five days after the judgment
was signed, it shall be considered overruled by operation of law on expiration
of that period.”); Hamilton v. Williams, 298 S.W.3d 334, 337
(Tex. App.–Fort Worth 2009, pet. denied) (“A trial court . . . does not abuse
its discretion by not ruling on a motion [for new trial] and by allowing the
motion to be overruled by operation of law.”).  Because the trial court had no
duty to rule on Dixon’s motion for reconsideration, it did not abuse its
discretion by not ruling on the motion and allowing it to be overruled by
operation of law.  

Failure to
Take Further Action in the Case

            Dixon
contends that the trial court abused its discretion by not doing anything
further in the case after entering its June 4 order granting Peltier’s motion
for summary judgment.  His complaint, however, is based on the assumption that
the trial court’s June 4 order granting Peltier’s motion for summary judgment
was not final and appealable.  Therefore, he argues that the trial court should
be directed to proceed to final judgment, either by trial or by the execution
of a final judgment.  We have held that the June 4, 2010 order granting Peltier’s
motion for summary judgment is a final, appealable order.  We have also held
that the trial court was not required to rule on the motion for reconsideration
because it would be overruled by operation of law if the court took no action on
it within seventy-five days.  Consequently, no further action is necessary for
the trial court to dispose of the case.  

Disposition

            Dixon
has not shown that the trial court has failed to proceed to a final judgment in
the case or that it had a duty to rule on his motion for reconsideration. 
Consequently, he has not shown an abuse of discretion by the trial court. 
Because Dixon has not shown an abuse of discretion, we need not address whether
he has an adequate remedy by appeal.  Dixon’s petition for writ of mandamus is denied.

 

 

                                                                                    James
T. Worthen

                                                                                         
 Chief Justice

 

 

 

Opinion delivered August 10, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1]
The respondent is the Honorable Kerry Russell, Judge of the 7th Judicial
District Court, Smith County, Texas.





                [2] We also note that the trial
court never signed the proposed final judgment submitted by Peltier on June
23.  It would make sense for the trial court to ignore this proposed final judgment
if it had already entered a final judgment on June 4.