

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00027-CV

_____

ANGELA BENNETT, INDIVIDUALLY AND AS NEXT FRIEND OF N.O., A
MINOR; AND JESSICA CROSHMAN, Appellants

V.

REANA DANAE JOUBERT, Appellee

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-278619-15

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In 2015, Appellants Angela Bennett, Individually and as Next Friend of N.O., a Minor, and Jessica Croshman sued Appellee Reana Danae Joubert for actual and exemplary damages, alleging negligence and gross negligence arising out of a 2014 automobile accident. Appellants each sought reasonable expenses for necessary medical care, physical pain, mental suffering, and physical impairment and exemplary damages under civil practice and remedies code chapter 41; Bennett and Croshman also sought lost wages and lost earning capacity.

Appellants filed a motion for no-answer default judgment on December 7, 2015, and they obtained a default judgment for $226,996.48 against Joubert on January 11, 2016.[1] Four months later, they applied for a turnover order to obtain some of Joubert's causes of action against her insurer. The trial court signed the turnover order on May 31, 2016.

---

[1] The default judgment awarded to Bennett $89,725.88 in actual damages: $18,806.47 for past medical expenses; $14,500 for future medical expenses; $18,806.47 for past physical pain and mental anguish, and $37,612.94 for future physical pain and mental anguish, in addition to prejudgment interest of $4,965.65. The default judgment awarded to Bennett as N.O.'s next friend $11,275.88 in actual damages: $8,275.88 for past medical expenses and $3,000 for past physical pain and mental anguish, in addition to prejudgment interest of $624.03. The default judgment awarded to Croshman $114,090.96 in actual damages: $31,561.48 for past medical expenses, $31,561.48 for past physical pain and mental anguish, $50,000 for future physical pain and mental anguish, and $968 for past lost wages, in addition to prejudgment interest of $6,314.08. The default judgment also awarded post judgment interest at a rate of 5% per annum and court costs and stated that Appellants "are allowed such writs and processes as may be necessary in the enforcement and collection of this suit."

On May 2, 2017, Joubert filed a combined motion to set aside the default judgment, motion for new trial, and motion to withdraw admissions. She argued, among other things, that the default judgment was interlocutory because it did not address the exemplary damages claim. On August 25, 2017, the trial court granted the motion to set aside the interlocutory default judgment and ordered a new trial. In a 10–2 verdict, the jury found that Joubert was not negligent, and the trial court approved a final judgment that included a mediated settlement agreement with N.O. and a take-nothing judgment in Joubert's favor with regard to Bennett and Croshman.

In a single issue, Appellants complain that the trial court lacked jurisdiction to grant Joubert's motion for new trial because the default judgment was a final judgment.[2] Joubert responds that the supreme court has already decided this issue, referring us to *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding).

In *Burlington Coat Factory*, the court held that when a default judgment fails to dispose of a claim for exemplary damages based on gross negligence, the default judgment order cannot be final unless the order's words unequivocally express an

---

[2]Appellants argue, in part, that they waived their exemplary damages claim because they submitted three different proposed orders, all of which omitted it. But while this might prevent *Appellants* from complaining on appeal about the trial court's failure to address exemplary damages, it does not automatically make the default judgment final when the order's language does not otherwise clearly indicate finality. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("An order does not dispose of all claims and all parties merely because it is entitled 'final,' or because the word 'final' appears elsewhere in the order, or even because it awards costs.").

intent to finally dispose of the case using *Lehmann* finality language, i.e., that the judgment finally disposes of all parties and all claims and is appealable. *Id.*; *see Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention."). The court further noted that an award of costs or provision that the prevailing party could enforce the judgment through abstract, execution, and any other process necessary is not dispositive. *Burlington Coat Factory*, 167 S.W.3d at 830; *see Castle & Cooke Mortg., LLC v. Diamond T Ranch Dev., Inc.*, 330 S.W.3d 684, 685–86, 689–91 (Tex. App.—San Antonio 2010, no pet.) (holding $6.8 million default judgment was interlocutory when it did not address exemplary damages or all of plaintiff's claims); *see also In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) ("A default judgment is deemed final if it expresses an *unequivocal* intent to finally dispose of the case." (emphasis added) (citing *Burlington Coat Factory*, 167 S.W.3d at 830)).

Here, the default judgment was entitled "Final Order of Judgment by Default," but it did not address Appellants' claim for exemplary damages and did not contain any of the *Lehmann* finality language. Accordingly, because the default judgment failed to dispose of Appellants' claim for exemplary damages based on gross negligence and because its language did not unequivocally express an intent to finally dispose of the case by using *Lehmann* finality language, per *Burlington Coat Factory*, the default judgment was interlocutory, and the trial court had jurisdiction to grant Joubert's

4

motion for new trial.  *See* 167 S.W.3d at 830.  We overrule Appellants' sole issue and

affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  August 26, 2019