**WEIR BROS., INC., Appellant**

v.

**LONGVIEW ECONOMIC DEVELOPMENT CORPORATION, Bob Metzler, David Houston, Donny Stuckey, Dan Droege, Richard Andrews, William Miller, Gaylon Butler, and Steve Metcalf, Appellees.**

No. 05–10–01120–CV.

Court of Appeals of Texas, Dallas.

July 2, 2012.

Mark A. Herndon, Kevin P. Wright, Dallas, TX, for Appellant.

Jerry L. Ewing, Jason L. Wren, Walters, Balido & Crain, LLP, Dallas, TX, for Appellee.

Before Justices MOSELEY, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice LANG–MIERS.

This is an appeal from trial court orders granting a plea to the jurisdiction based on governmental immunity and dismissing claims without prejudice to refiling. Appellant Weir Bros., Inc. is a construction company that unsuccessfully bid for the award of a contract to construct a business park in Longview, Texas. Appellee Longview Economic Development Corporation is the corporation that awarded the contract. Appellees Bob Metzler, David Houston, Donny Stuckey, Dan Droege, Richard Andrews, William Miller, Gaylon Butler, and Steve Metcalf are its directors and made the decision to award the contract to another bidder. Longview and the Directors are also cross-appellants. We modify the trial court's orders granting the plea to the jurisdiction and affirm as modified.

### BACKGROUND

Weir sued Longview and the Directors alleging restraint of trade under the Texas Free Enterprise and Antitrust Act of 1983 (Texas Free Enterprise Act),[1] fraud, and breach of contract arising from Longview's award of a contract to construct a business park to a contractor other than Weir. Weir alleged that Longview employed "an undisclosed local preference" as part of its selection criteria when Longview awarded the contract to another bidder. Longview and the Directors filed a plea to the jurisdiction claiming that the court did not have jurisdiction, asserting that Longview and the Directors are entitled to governmental immunity because Longview is a development corporation organized under the Development Corporation Act (the Act) and the Act grants immunity to a development corporation and its directors. *See* TEX.

1. TEX. BUS. & COM.CODE ANN. §§ 15.05(a), 15.21(a) (West 2011).

Loc. Gov't Code Ann. §§ 501.001–507.202 (West Supp.2011). The trial court granted the plea to the jurisdiction and dismissed Weir's causes of action against Longview and the Directors without prejudice to re-filing.

## Standard of Review

 Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225 (Tex. 2004); *City of Dallas v. Turley,* 316 S.W.3d 762, 767 (Tex.App.-Dallas 2010, pet. denied). A party properly asserts immunity by filing a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 225–26; *Turley,* 316 S.W.3d at 767. Whether the court has subject matter jurisdiction is a question of law that we review de novo. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). We focus first on the plaintiff's petition to determine whether the plaintiff has pled facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. *Id.* We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* at 643; *Miranda,* 133 S.W.3d at 226. The plaintiff bears the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Turley,* 316 S.W.3d at 767. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine if a fact issue exists. *Miranda,* 133 S.W.3d at 227; *Turley,* 316 S.W.3d at 767. If the evidence creates a fact issue concerning jurisdiction, the trial court must deny the plea to the jurisdiction. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact issue concerning jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## The Parties' Contentions

Weir argues that Longview and the Directors are not immune from liability under the Act because Longview's articles of incorporation do not expressly state that the corporation is governed by chapter 504 of the Texas Local Government Code and do not comply with the requirements of the Act. Weir also argues that other statutes either subject Longview and the Directors to liability or waive their immunity, that there is no immunity unless the alleged conduct involves governmental rather than proprietary functions, and that the appellees are not immune because the claimed wrongful acts were intentional.

Longview and the Directors argue that they are immune from liability under the Act, that the alleged acts were governmental functions, and that Longview's articles of incorporation comply with the Act. They also argue that Weir did not plead and establish a clear and unambiguous waiver of the immunity granted by the Act. Additionally, Longview and the Directors argue, by cross-appeal, that the trial court erred by dismissing Weir's claims without prejudice instead of with prejudice.

## Immunity of Corporation and Directors

### Immunity under the Act

 Weir recognizes that Longview and the Directors claim immunity under the Act, but argues that "[d]ue to [Longview's] failure to expressly state that it is governed by Chapter 504 in its articles of incorporation, [Longview] is not a properly organized Type A Corporation and should not be afforded the governmental immunity outlined in the [Act]." We disagree.

Longview filed articles of incorporation in 1992. And in 1992 the statute in effect stated: "The articles of incorporation of a corporation under this section must state

that the corporation is governed by this section."[2] The articles state that Longview "is an industrial development corporation under the Development Corporation Act of 1979, and shall be governed by Section 4A of said Act and specifically Article 5190.6, Section 4A, Revised Civil Statutes of the State of Texas, as now existing or as may be amended." Weir does not argue that Longview's articles of incorporation did not comply with the statute in effect at the time the articles were filed.

As was true of its predecessor statute, the current statute,[3] section 504.004 of the local government code, also states: "The certificate of formation of a Type A corporation must state that the corporation is governed by this chapter." TEX. LOC. GOV'T CODE ANN. § 504.004.[4] We conclude that the language in Longview's articles of incorporation specifying that Longview "shall be governed by Section 4A ... as now existing or as may be amended" satisfies the requirement of section 504.004. *See Cities of Austin, Dallas, Ft. Worth and Hereford v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 443–44 (Tex.2002) (stating where codification did not change statute and legislature stated that codification made no substantive statutory changes, "the codification is the same as its predecessor").

**Governmental Functions**

Weir also argues that the alleged acts were not governmental functions and appellants are not entitled to immunity. Weir claims that, to determine whether the claimed acts qualify as governmental functions, we should look to the definition of governmental function in the Penal Code and the list of governmental functions identified in the Texas Tort Claims Act. *See* TEX. PENAL CODE ANN. § 38.01(6) (West 2011); TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a) (West 2011). Conversely, Longview and the Directors argue that they are immune from liability because their acts in connection with the award of the construction contract were governmental functions.

The governing Act specifically addresses this issue. As a result, we look to the Act, and not other statutes, to determine whether the acts challenged were governmental functions. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001) ("We must construe statutes as written and, if possible, ascertain legislative intent from the statute's language."). The Act grants power to Longview, as a Type A development corporation, to "contract with another private corporation to: (1) carry out an industrial development program or objective; or (2) assist with the development or operation of an economic develop-

**2.** Act of May 27, 1989, 71st Leg., R.S., ch. 877, § 2, sec. 4A(a), 1989 Tex. Gen. Laws 3871, 3872, *amended by* Act of May 10, 1991, 72nd Leg., R.S., ch. 184, § 1, sec. 4A(b), 1991 Tex. Gen. Laws 802, 803 (subsequent amendments omitted), *repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 3.78, 2007 Tex. Gen. Laws 1905, 2163.

**3.** Effective April 2009, the legislature codified section 4A of article 5190.6 as section 501.407 and sections 504.002 through 504.353 of the local government code. The legislature enacted the codifying act "as a part of the state's continuing statutory revision program[,]"

which "contemplates a topic-by-topic revision of the state's general and permanent statute law without substantive change." Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 1.01, 2007 Tex. Gen. Laws 1905, 1906.

**4.** Type A corporations are created by a municipality located in a county with a population of 500,000 or less, or by a municipality with a population of less than 50,000 if certain conditions apply. TEX. LOC. GOV'T CODE ANN. § 504.002. Longview asserts and Weir does not contest that Longview is a Type A corporation.

ment program or objective consistent with the purposes and duties provided by this subtitle." TEX. LOC. GOV'T CODE ANN. § 504.102. Additionally, the Act states:

> (a) The following are not liable for damages arising from the performance of a governmental function of a Type A corporation or the authorizing municipality: (1) the corporation; (2) a director of the corporation ...
>
> (b) For purposes of Chapter 101, Civil Practice and Remedies Code (Texas Tort Claims Act), a Type A corporation is a governmental unit and the corporation's actions are governmental functions. TEX. LOC. GOV'T CODE ANN. § 504.107.

■■■ This language is unambiguous. And because the statutory language is unambiguous, "this court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used." *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). When we apply the plain and common meaning, we may not enlarge the meaning of any word beyond its ordinary meaning by implication. *Id.*

■■■ As the statute clearly states, "a Type A corporation is a governmental unit and the corporation's actions are governmental functions." TEX. LOC. GOV'T CODE ANN. § 504.107(b); *see City of Weslaco v. Borne,* 210 S.W.3d 782, 789 n. 1 (Tex.App.-Corpus Christi 2006, pet. denied) (construing previous article 5190.6 and stating "[t]he Act expressly extends governmental immunity to economic development corporations"); *Rayl v. Borger Econ. Dev. Corp.,* 963 S.W.2d 109, 114 (Tex.App.-Amarillo 1998, no pet) (construing previous article 5190.6 and concluding actions "expressly authorized by the enabling legislation ... were 'governmental functions'" and statute "expressly extends governmental immunity" to a development corpo-

ration). Weir has not met its burden to overcome immunity by alleging jurisdictional facts that demonstrate that its claims arose from proprietary functions— particularly in light of the explicit language of the Act and supporting case law establishing that Longview's actions are governmental functions. TEX. LOC. GOV'T CODE ANN. § 504.107; *Rayl,* 963 S.W.2d at 114. *See Borne,* 210 S.W.3d at 791 ("[T]he burden in this case was on appellees to overcome immunity to suit by alleging jurisdictional facts to demonstrate that their claims against appellants arose from proprietary functions."). Consequently, we conclude that the corporation's and its directors' actions were governmental functions and that they are immune from liability under the Act.

## Other Claimed Statutory Waivers of Immunity

Weir contends that provisions of the Texas Tort Claims Act, the Texas Free Enterprise Act, and the Local Government Code subject Longview and the Directors to liability or waive their immunity. We disagree.

Weir argues that "[t]he Texas Tort Claims Act does not preclude [Weir] from asserting the fraud claim" because "the Directors are not included within the definition of 'governmental unit' [in the Texas Tort Claims Act] and are not otherwise afforded the protection of governmental immunity." (footnote omitted). Weir asserts that "even if the court found [Longview] to be a 'governmental unit' the court erred in affording the protection of governmental immunity to the Directors." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001 (West Supp.2011), §§ 101.021, 101.0215(b), 101.057(2) (West 2011). But Weir does not explain how it claims the Texas Tort Claims Act waives Longview's or the Directors' immunity under the Act.

*See id.* § 101.021. *See* TEX.R.APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Likewise, Weir argues that the Texas Free Enterprise Act does not grant Longview and the Directors governmental immunity because "[t]he Texas Free Enterprise Act excludes only 'municipal corporations' from suit." *See* TEX. BUS. & COM.CODE ANN. §§ 15.03(3), 15.21(a)(1) (West 2011). Citing an attorney general opinion, Weir also asserts that the "Directors' willful and malicious actions subject them to personal liability under the Texas Free Enterprise Act[.]" (initial capitalization omitted). *See* Tex. Att'y Gen. Op. No. JM–404 (1985) (concerning immunity of officers and employees of governmental entities under the Texas Free Enterprise Act). Again, Weir does not explain how it contends the Texas Free Enterprise Act waives immunity granted by the Act. *See* TEX.R.APP. P. 38.1(i).

█ In addition, Weir argues that "[b]ecause governmental immunity concerning breach of contract actions for local governmental entities is clearly and expressly waived in Subchapter I [of chapter 271 of the local government code], a breach of contract claim may ... be made against [Longview]." (footnote omitted). *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151–271.152, 271.154–271.158, 271.160 (West 2005), § 271.153 (West Supp.2011). Although subchapter I waives immunity for certain breach of contract claims against a "local governmental entity," that waiver does not apply here. Longview and the Directors correctly argue that section 271.151(3) defines a "local governmental entity" as "a political subdivision of the state" and that a development corporation under the Act "is not a political subdivision ... for purposes of the laws of this state."

*Id.* § 271.151(3); TEX. LOC. GOV'T CODE ANN. § 501.055(b). Weir also argues that "Subchapter I of the Local Government Code does not protect or limit claims for intentional torts or claims under the Texas Free Enterprise Act against the Directors." (footnote omitted). But Weir does not explain how that applies to waive the Directors' immunity under the Act. *See* TEX. R.APP. P. 38.1(i).

Weir also generally contends that there must be some limit on governmental immunity; that immunity cannot shield Longview and the Directors from liability for allegedly wrongful acts; and that Weir is entitled to a jury issue as to whether the allegedly wrongful acts are not protected governmental functions under the Act. But Weir does not cite any authority or jurisdictional facts to establish its argument or show in the record where this argument was ever presented to the trial court.

█ In summary, Weir, as plaintiff, had the burden to plead facts that affirmatively demonstrate a waiver of governmental immunity and that the court has subject matter jurisdiction. *Turley,* 316 S.W.3d at 767; *McMahon Contracting, L.P. v. City of Carrollton,* 277 S.W.3d 458, 464 (Tex.App.-Dallas 2009, pet. denied). "[A] waiver of immunity must be clear and unambiguous." *Tooke v. City of Mexia,* 197 S.W.3d 325, 333 (Tex.2006); *see* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). Weir did not satisfy its burden and did not affirmatively demonstrate that any of these statutes clearly and unambiguously waive Longview's and the Directors' governmental immunity under the Act. As a result, we conclude that the trial court did not err by granting the plea to the jurisdiction.

### DISMISSAL WITH PREJUDICE

 Longview and the Directors argue that the trial court should have dismissed this case with prejudice, instead of without prejudice. We agree. In general, when the plaintiff is capable of remedying the jurisdictional defect, dismissal with prejudice is improper. *Harris Cnty. v. Sykes,* 136 S.W.3d 635, 639 (Tex.2004); *Porter v. Grayson Cnty.,* 224 S.W.3d 855, 860 (Tex. App.-Dallas 2007, no pet.). But where a plaintiff has been given a reasonable opportunity to amend his pleading after a governmental entity files a plea to the jurisdiction, and the amended pleading still does not allege facts that would constitute a waiver of immunity, the court should dismiss the case with prejudice. *Sykes,* 136 S.W.3d at 639; *Turley,* 316 S.W.3d at 774.

Weir asserts that dismissal without prejudice was proper because Weir's claims are not incurably defective and that "[t]here is no evidence that the Trial Court analyzed whether or not any pleading defect could be cured." Weir claims it could cure the jurisdictional defect by amending its pleadings to only sue individual Directors who may not be immune because of their bad faith actions. We disagree.

Weir already had an opportunity to cure the defects and did not do so. After Longview and the Directors filed their plea to the jurisdiction and on the same day that Weir filed its response to the plea, Weir filed its third amended petition, which added its argument that governmental immunity does not preclude its claims because immunity does not apply or because immunity was waived. Weir also included additional references to the "bad faith" and "malicious" actions by Longview and the Directors, apparently in an effort to support its waiver argument. As a result, the trial court erred by dismissing the claims without prejudice. *Sykes,* 136 S.W.3d at

639–40. We modify the court's two orders granting the plea to the jurisdiction to Longview and the Directors to delete the words "without prejudice" and insert the words "with prejudice." *See* TEX.R.APP. P. 43.2(b).

### CONCLUSION

We affirm the trial court's judgment as modified.