

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00142-CV

**CITY OF LEON VALLEY ECONOMIC DEVELOPMENT CORPORATION**,
Appellant

v.

Larry **LITTLE**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17823
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  December 31, 2013

AFFIRMED

Appellant City of Leon Valley Economic Development Corporation (LVEDC) was sued by Appellee Larry Little for breach of contract. LVEDC asserted immunity from suit and filed a plea to the jurisdiction and a motion to dismiss. The trial court denied the plea, and LVEDC filed this interlocutory appeal. On June 19, 2013, this court issued an opinion dismissing this appeal for want of jurisdiction. LVEDC filed a motion for en banc reconsideration, and Little filed a response to the motion. By separate order of this date, the en banc court denied the motion for en

banc reconsideration. Acting sua sponte, we withdraw our opinion and order of June 19, 2013, and substitute this opinion and judgment. We affirm the trial court's order.

## BACKGROUND

LVEDC is a Type B economic development corporation (EDC) created under the Development Corporation Act of 1979 (the Act). *See* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 3.01, 2007 Tex. Gen. Laws 2082 (codifying the Development Corporation Act of 1979 as Title 12 of the Local Government Code). LVEDC was organized to promote economic growth and development for the City of Leon Valley, Bexar County, Texas. Little is a commercial real estate developer.

This case arises out of communications[1] between Little and LVEDC relating to the acquisition of certain real properties in conjunction with the Leon Valley Town Center Project. LVEDC approached Little about the possibility of Little purchasing real property for the proposed project, and LVEDC later purchasing the property from Little. The parties executed two sales contracts for unimproved real property for LVEDC to purchase the properties from Little. Both sales were subject to LVEDC obtaining third-party financing at a specified rate. However, LVEDC did not obtain financing or purchase the property. Little contends LVEDC was approved for a loan to purchase the property and breached the sales contracts by refusing to obtain the loan. LVEDC asserts it did not complete the purchase because it did not receive third-party financing at the rate required by the Commercial Contract Financing Addendums by the closing date.

Little sued LVEDC for breach of contract. LVEDC filed a plea to the jurisdiction, claiming immunity from suit and liability under the Act. *See* TEX. LOC. GOV'T CODE ANN. § 505.106 (West Supp. 2013). LVEDC also counterclaimed for declaratory relief and attorney's fees and costs.

---

[1] LVEDC refers to the communications as mere negotiations. Little contends the parties agreed to specific terms and entered into an enforceable agreement.

The trial court denied the plea to the jurisdiction and LVEDC filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2013) (authorizing interlocutory appeal by certain governmental units from a trial court's denial of a plea to the jurisdiction).

## APPELLATE JURISDICTION

LVEDC asserts it is a governmental unit and is entitled to an interlocutory appeal of the trial court's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841–42 (Tex. 2007). We have appellate jurisdiction over this appeal if LVEDC is a governmental unit for purposes of this appeal and meets the other requirements of the statute. *See Koseoglu*, 233 S.W.3d at 843. To determine whether LVEDC is a governmental unit for purposes of interlocutory appeal, we begin by reviewing the characteristics of an EDC.

## A. Characteristics of an EDC

An EDC is a corporation organized "for the promotion and development of new and expanded business enterprises to provide and encourage employment." TEX. LOC. GOV'T CODE ANN. § 501.004 (West Supp. 2013). It "has the powers, privileges, and functions of a nonprofit corporation." *Id.* § 501.054(a). *Inter alia*, it can issue bonds; buy, lease, and sell property; and sue and be sued. *Id.* § 501.054(b) (citing authorizing sections). Its powers are created and circumscribed by statute. *E.g.*, *id.* §§ 501.004, .054, .055, .153; *cf. LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 80 (Tex. 2011) (addressing the statutorily circumscribed characteristics of a charter school). It "is not a political subdivision . . . for purposes of the laws of this state." TEX. LOC. GOV'T CODE ANN. § 501.055(b). A municipality that creates an EDC "may not delegate to [the EDC] any of the [municipality's] attributes of sovereignty." *Id.* § 501.010.

**B.      EDC Eligibility for Interlocutory Appeal**

Civil Practice and Remedies Code section 51.014(a)(8) authorizes an appeal from a trial court's interlocutory order that "denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.01." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *LTTS Charter Sch.*, 342 S.W.3d at 75–76. Section 101.001(3) defines four categories of entities that are governmental units for purposes of the Texas Tort Claims Act:

(A)      the state and its agencies,

(B)      political subdivisions of the state,

(C)      emergency service organizations, and

(D)      "any other institution, agency, or organ of government the status and authority of which are derived from . . . laws passed by the legislature under the constitution."

TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 (West Supp. 2013); *LTTS Charter Sch.*, 342 S.W.3d at 75–76. An EDC does not fit any of the definitions in subparagraphs (A)–(C); it is neither the state nor its agency, not a political subdivision of the state, nor an emergency service organization. However, section 101.001(3)(D) is a category with a "broad definition" of "governmental unit." *See LTTS Charter Sch.*, 342 S.W.3d at 75–76, 82.

An EDC's powers, privileges, and functions are specified and circumscribed by statute. *E.g.*, TEX. LOC. GOV'T CODE ANN. §§ 501.004, .054, .055, .153. That is to say, its "status and authority . . . are derived from . . . laws passed by the legislature." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(D); *cf. LTTS Charter Sch.*, 342 S.W.3d at 81 (characterizing an open-enrollment charter school as a governmental unit in part because its powers and authority are derived from statute and "emanate from legislative command"). Therefore, an EDC falls within the broad definition of governmental unit established by the legislature. Thus, we hold that an EDC is a governmental unit for purposes of interlocutory appeal under section 51.014(a)(8). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *LTTS Charter Sch.*, 342 S.W.3d at 75–76.

**C.     Appellate Jurisdiction Here**

In this appeal, LVEDC is a governmental unit for purposes of interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).  The trial court denied LVEDC's plea to the jurisdiction, and LVEDC timely filed a notice of appeal.  The statutory requirements have been met, *see id.*, and we have appellate jurisdiction in this appeal.  Thus, we turn to the trial court's subject matter jurisdiction question presented in LVEDC's plea to the jurisdiction.

### GOVERNMENTAL IMMUNITY

In its plea to the jurisdiction, LVEDC argued that the trial court lacked subject matter jurisdiction because the Development Corporation Act makes it a governmental unit performing governmental functions and thus it is entitled to governmental immunity.  Governmental immunity is a common-law doctrine that extends immunity from suit and liability to political subdivisions performing governmental functions.  *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006).

**A.     Immunity From Suit**

 "[Governmental] immunity from suit bars an action against [a governmental unit] unless the state expressly consents to the suit."  *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam); *accord Ben Bolt*, 212 S.W.3d at 324; *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).  If a governmental unit defendant is immune from suit, the trial court has no subject matter jurisdiction to hear the case against it, and the defendant may properly challenge the suit in a plea to the jurisdiction.  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *see also Koseoglu*, 233 S.W.3d at 843.

**B.    Immunity from Liability**

"Immunity from liability protects the state from judgment even if the Legislature has expressly consented to the suit."  *Jones*, 8 S.W.3d at 638; *accord Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).  Immunity from liability acts like an affirmative defense: it must be pled and it does not deprive the trial court of subject matter jurisdiction.  *Jones*, 8 S.W.3d at 638; *see Miranda*, *133 S.W.3d at 224.*

## STANDARD OF REVIEW

"Whether a court has subject matter jurisdiction is a question of law."  *Miranda*, 133 S.W.3d at 226; *accord Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).  "Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo."  Miranda*, 133 S.W.3d at 228; *accord IT-Davy*, 74 S.W.3d at 855.

## COMMON-LAW GOVERNMENTAL IMMUNITY

In response to Little's suit, LVEDC asserted in its plea to the jurisdiction that it has immunity from suit because it is an EDC.  We first determine whether an EDC is a governmental unit for purposes of the common-law doctrine of governmental immunity.  *See Reata Const. Corp. v. City of Dall.*, 197 S.W.3d 371, 375 (Tex. 2006) ("[I]t remains the judiciary's responsibility to define the boundaries of the common-law doctrine and to determine under what circumstances [governmental] immunity exists in the first instance.").

**A.    EDC is not Inherently a Governmental Unit**

Governmental immunity is a common-law doctrine that protects political subdivisions of the state performing governmental functions from suit and liability.  *City of Galveston*, 217 S.W.3d at 469, 471–73; *Ben Bolt*, 212 S.W.3d at 324.  Political subdivisions of the state include entities such as counties, cities, and school districts, *see Ben Bolt*, 212 S.W.3d at 324; *Harris Cnty. v.*

*Sykes*, 136 S.W.3d 635, 638 (Tex. 2004), but do not include EDCs. The Act expressly excludes an EDC from the set of political subdivisions of the state: "A[n economic development] corporation is not a political subdivision . . . for purposes of the laws of this state." TEX. LOC. GOV'T CODE ANN. § 501.055(b); *accord Weir Bros., Inc. v. Longview Econ. Dev. Corp.*, 373 S.W.3d 841, 847 (Tex. App.—Dallas 2012, no pet.).

**B.     EDC is a Nonprofit Corporation**

The Act infuses an EDC with, but limits its reach to, "the powers, privileges, and functions of a nonprofit corporation . . . formed under the Texas Nonprofit Corporation Law." TEX. LOC. GOV'T CODE ANN. § 501.054(a); *cf. Weir Bros.*, 373 S.W.3d at 845–46 (addressing the nature of a Type A development corporation). The Act also expressly prohibits a parent unit from delegating its sovereign powers to the EDC. TEX. LOC. GOV'T CODE ANN. § 501.010 ("A unit may not delegate to a corporation any of the unit's attributes of sovereignty . . . .").

**C.     EDC not Inherently Entitled to Governmental Immunity**

Construing the plain language of the Act, we hold that an EDC is not inherently entitled to governmental immunity and is thus not immune from suit or liability except as otherwise provided by statute.[2] Therefore, LVEDC is not inherently protected by the common-law doctrine of governmental immunity. *See City of Galveston*, 217 S.W.3d at 469; *Ben Bolt*, 212 S.W.3d at 324. We next turn to whether LVEDC has statutory immunity under the Act.

---

[2] LVEDC cites *Weir Bros., Inc. v. Longview Econ. Dev. Corp.*, 373 S.W.3d 841 (Tex. App.—Dallas 2012, no pet.), *Purdin v. Copperas Cove Econ. Dev. Corp.*, 143 S.W.3d 290 (Tex. App.—Waco 2004, pet. dism'd), and *Rayl v. Borger Econ. Dev. Corp.*, 963 S.W.2d 109 (Tex. App.—Amarillo 1998, no pet.), for the proposition that an EDC has governmental immunity. None holds that an EDC is entitled to governmental immunity except through a statutory grant of immunity. *See Weir Bros.*, 373 S.W.3d at 846; *Purdin*, 143 S.W.3d at 295; *Rayl*, 963 S.W.2d at 114.

**STATUTORY IMMUNITY**

LVEDC asserts the trial court erred by denying its plea to the jurisdiction and motion to dismiss because it is immune from suit under section 505.106 as recognized by *Weir Bros.*, *Purdin*, and *Rayl*.  *See* TEX. LOC. GOV'T CODE ANN. § 505.106; *Weir Bros.*, 373 S.W.3d at 845–46; *Purdin v. Copperas Cove Econ. Dev. Corp.*, 143 S.W.3d 290 (Tex. App.—Waco 2004, pet. dism'd); *Rayl v. Borger Econ. Dev. Corp.*, 963 S.W.2d 109 (Tex. App.—Amarillo 1998, no pet.).  Before we address the cases, we first construe the statute.

**A.     Statutory Construction**

"In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute."  *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *accord Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).  We presume the legislature acted with purpose when it included each word and excluded omitted words.  *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011); *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995).  "If the statutory text is unambiguous, [we] must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results."  *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004); *accord City of Rockwall*, 246 S.W.3d at 625–26.

**B.     Section 505.106**

LVEDC insists that it is immune from suit, including Little's breach of contract suit, based on the statutory protections in section 505.106 of the Act:

> (a)     The following are not liable for damages arising from the performance of a governmental function of a Type B corporation or the authorizing municipality:
>
> > (1)     the corporation;

> (2)     a director of the corporation;
> (3)     the municipality;
> (4)     a member of the governing body of the municipality; or
> (5)     an employee of the corporation or municipality.
>
> (b)     For purposes of Chapter 101, Civil Practice and Remedies Code, a Type B corporation is a governmental unit and the corporation's actions are governmental functions.

TEX. LOC. GOV'T CODE ANN. § 505.106.  LVEDC's arguments rely on the language in subsection (b), so we address its provisions first.

### 1.     Subsection (b)

Under the general provisions of the Act, an EDC is a nonprofit corporation, *see id.* § 501.054, is not a governmental unit, *see id.* § 501.055, and is not inherently entitled to governmental immunity, *cf. City of Galveston*, 217 S.W.3d at 469; *Ben Bolt*, 212 S.W.3d at 324. But in section 505.106(b) the legislature statutorily invoked the common-law doctrine of governmental immunity to protect an EDC: "[A] Type B corporation is a governmental unit and the corporation's actions are governmental functions."  *See* TEX. LOC. GOV'T CODE ANN. § 505.106(b).  However, the immunity shield is limited by the phrase "For purposes of Chapter 101, Civil Practice and Remedies Code," *see id.*, and we must presume the legislature chose these words to mean something, *see TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439; *Laidlaw Waste Sys.*, 904 S.W.2d at 659.  Chapter 101, the Texas Tort Claims Act, and its provisions control governmental liability for torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.002; *Miranda*, 133 S.W.3d at 224.  We read subsection (b) to invoke common-law governmental immunity by granting an EDC governmental unit status and making its actions governmental functions, but the statute's plain language limits that governmental immunity to tort claims.  *See* TEX. LOC. GOV'T CODE ANN. § 505.106(b).  Such a reading is consistent with our holding that an EDC is not

inherently entitled to governmental immunity because a nonprofit corporation is not inherently a governmental unit performing governmental functions.

> 2. *Subsection (a)*

By its plain language, subsection (a) raises an immunity from liability shield for an EDC: an EDC is "not liable for damages arising from the performance of a governmental function." *See id.* § 505.106(a). This statutory shield for non-tort claims is limited: it grants only immunity from liability and only for the EDC's performance of a governmental function. *See id.* If the legislature intended to grant immunity from suit, it could have included such language; it did not. *See TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439; *Laidlaw Waste Sys.*, 904 S.W.2d at 659. Unlike immunity from suit, immunity from liability is not jurisdictional. *See Miranda*, 133 S.W.3d at 224–26; *Taylor*, 106 S.W.3d at 696; *Jones*, 8 S.W.3d at 638. Immunity from liability does not negate a trial court's subject matter jurisdiction, and is not a proper basis for a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26; *Taylor*, 106 S.W.3d at 696; *Jones*, 8 S.W.3d at 638.

> 3. *Section 505.106 in Context*

Reading section 505.106 as a whole and in the context of the Act, we hold as follows: (1) an EDC, like a private nonprofit corporation, is not inherently entitled to governmental immunity, *see* TEX. LOC. GOV'T CODE ANN. § 505.106; *cf. id.* §§ 501.054(a), .055(b); (2) section 505.106(a) raises an immunity from liability shield for non-tort claims arising from an EDC's "performance of a governmental function," *see* TEX. LOC. GOV'T CODE ANN. § 505.106(a); (3) section 505.106(b) statutorily invokes common-law governmental immunity, including both immunity from liability and immunity from suit, but only for tort claims, *see id.* § 505.106(b).

This construction applies the statute's unambiguous plain language, gives purpose to each word, and does not produce absurd results. *See TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439; *Laidlaw Waste Sys.*, 904 S.W.2d at 659.

### LVEDC'S PLEA TO THE JURISDICTION

LVEDC argues the trial court erred by denying its plea to the jurisdiction because the Act grants it governmental immunity as recognized by *Weir Bros.*, *Purdin*, and *Rayl*. We have already construed the statute; we now address the cited cases.

### A.    Earlier Cases Distinguishable

Several of our sister courts have determined that section 505.106 "expressly extends governmental immunity to economic development corporations." *E.g.*, *Borne*, 210 S.W.3d at 788 n.1 (Corpus Christi, 2006); *accord Weir Bros.*, 373 S.W.3d at 846 (Dallas, 2012); *Purdin*, 143 S.W.3d at 295 (Waco, 2004); *Rayl*, 963 S.W.2d at 114 (Amarillo, 1998). However, each of these cases involved tort claims. *Cf. Weir Bros.*, 373 S.W.3d at 843 (e.g., fraud, breach of contract); *Borne*, 210 S.W.3d at 786 (e.g., fraud, breach of contract); *Purdin*, 143 S.W.3d at 293 (e.g., TCHRA claims);[3] *Rayl*, 963 S.W.2d at 111 (e.g., tortious interference, breach of contract). As we have previously discussed, section 505.106's subsections (a) and (b) raise different shields based on the nature of the claims. *See* TEX. LOC. GOV'T CODE ANN. § 505.106.

Our case presents only a breach of contract claim—which does not trigger the governmental immunity protections raised by subsection (b) for tort claims. *See id.* § 505.106(b). Little's breach of contract claim at most triggers the immunity from liability shield raised by subsection (a). *See id.* § 505.106(a). To the extent our sister courts hold that section 505.106(b) invokes the common-law doctrine of governmental immunity for EDCs against tort claims, we

---

[3] Purdin brought TCHRA claims that are not specifically identified in the opinion but were likely related to sexual harassment and retaliation—claims akin to tort claims. *See Purdin*, 143 S.W.3d at 293.

agree. *E.g.*, *Weir Bros.*, 373 S.W.3d at 846; *Borne*, 210 S.W.3d at 788 n.1; *Purdin*, 143 S.W.3d at 295; *Rayl*, 963 S.W.2d at 114. To the extent, if any, that our sister courts interpret section 505.106 as extending governmental immunity to an EDC against a breach of contract claim, we must respectfully disagree. *See* TEX. LOC. GOV'T CODE ANN. § 505.106; *cf. Weir Bros.*, 373 S.W.3d at 846; *Borne*, 210 S.W.3d at 788 n.1; *Purdin*, 143 S.W.3d at 295; *Rayl*, 963 S.W.2d at 114.

### B. Plea to the Jurisdiction Inapt

Contrary to LVEDC's arguments, section 505.106(b) does not raise a governmental immunity shield against Little's breach of contract claim; subsection (b)'s shield is limited to tort claims. *See* TEX. LOC. GOV'T CODE ANN. § 505.106(b). However, subsection (a) grants LVEDC immunity from liability for claims arising from its performance of a governmental function.[4] *See id.* § 505.106(a). LVEDC asserts it was performing a governmental function, *see id.*, but we need not decide that question. Assuming arguendo that Little's breach of contract claim for damages arose from LVEDC's "performance of a governmental function," LVEDC has immunity from liability under subsection (a). But the question before us is whether the trial court erred in granting LVEDC's plea to the jurisdiction.

In its plea, LVEDC argued it has governmental immunity from suit under section 505.106; it does not. Little did not bring a tort claim, so LVEDC cannot assert subsection (b)'s governmental immunity shield against such a claim. At best, LVEDC has immunity from liability under subsection (a), and such immunity does not deprive the trial court of subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 224; *Taylor*, 106 S.W.3d at 696; *Jones*, 8 S.W.3d at 638. Thus, the trial court did not err in denying LVEDC's plea to the jurisdiction.

---

[4] We do not reach the question of whether LVEDC, if it has immunity from liability under section 505.106(a), waived its immunity by entering into a contract or counterclaiming against Little. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002).
.

## CONCLUSION

LVEDC, as a Type B economic development corporation, is a governmental unit for purposes of appealing an interlocutory order, and is entitled to appeal the trial court's denial of its plea to the jurisdiction. However, it is not a political subdivision of the state, and is not inherently entitled to governmental immunity under the common law.

Section 505.106(b) of the Development Corporation Act statutorily invokes common-law governmental immunity for an EDC against tort claims, but such immunity does not apply to Little's breach of contract claim. Any immunity from liability under section 505.106(a) does not affect the trial court's subject matter jurisdiction. Therefore, the trial court properly denied LVEDC's plea to the jurisdiction. We affirm the trial court's order.

Patricia O. Alvarez, Justice