**Affirmed and Majority and Concurring Opinions filed July 18, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00254-CV

## HITCHCOCK INDUSTRIAL DEVELOPMENT CORPORATION, Appellant

## V.

## CRESSMAN TUBULAR PRODUCTS CORPORATION, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 21-CV-0375**

## M A J O R I T Y   O P I N I O N

In this interlocutory appeal from the trial court's denial of appellant's plea to the jurisdiction, we address whether Type A economic development corporations created under the authority of Local Government Code chapter 504 have governmental immunity as to tort claims for which their governmental immunity has not been waived. Concluding that under *Rosenberg Development Corporation v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738 (Tex. 2019), these corporations do not enjoy governmental immunity, we affirm the trial court's order.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The evidence before the trial court shows that appellant/third-party defendant Hitchcock Industrial Development Corporation (the "Corporation") at all material times has been a Type A economic development corporation governed by Local Government Code chapter 504. *See* Tex. Local Gov't Code Ann. § 504.001, *et seq*. (West, Westlaw through 2023 4th C.S.).[1] The Corporation was organized "for the specific public purpose of the promotion and development of commercial, industrial and manufacturing enterprises to promote and encourage employment and public welfare."[2]

In May 2014 the City of Hitchcock, Texas (the "City") and appellee/third-party plaintiff Cressman Tubular Products Corporation entered into an "Economic Development Agreement" (the "Agreement"). According to the Corporation, Cressman agreed to develop a place of business in the City in return for a rebate of certain sales taxes collected by the City for Cressman's sales.[3] The Corporation denies that it is a party to the Agreement, and we do not address that issue in this opinion. The City filed suit against Cressman alleging that Cressman failed to have

---

[1] The Corporation states in its brief that it is now known as "Hitchcock Economic Development Corporation," and that in 2022 voters elected to change the Corporation from a Type A to a Type B economic development corporation.

[2] In *Rosenberg Development Corporation v. Imperial Performing Arts, Inc.*, the Supreme Court discussed the difference between Type A and Type B economic development corporations: "Depending mainly on the size of the authorizing municipality, economic development corporations are categorized as either Type A or Type B. Each type is authorized to finance 'one or more projects' that may be funded, in part, by local taxes or the proceeds of revenue bonds. 'Projects' are delineated by the statute, but broadly defined. All economic development corporations are authorized to undertake projects related to creating or retaining primary jobs, job training, and improving infrastructure. Type B corporations . . . may also undertake projects related to recreational or community facilities, affordable housing, water-supply facilities, water-conservation programs, and airport facilities." 571 S.W.3d 738, 744 (Tex. 2019) (footnotes omitted).

[3] In this appeal we do not address the merits of the parties' claims regarding the Agreement or the rights or obligations of any party under the Agreement.

a presence in the City sufficient to qualify for sales tax rebates and asserted claims for breach of the Agreement, unjust enrichment, and fraud.

Cressman filed third-party claims against the Corporation for breach of the Agreement, negligent misrepresentation, and fraud. The Corporation filed a plea to the jurisdiction ("Jurisdictional Plea") in which it asserted that the trial court lacked subject-matter jurisdiction over Cressman's negligent misrepresentation and fraud claims (the "Tort Claims") because under section 504.107(b) of the Local Government Code, the Corporation has governmental immunity as to tort claims and because its governmental immunity as to the Tort Claims has not been waived. *See* Tex. Local Gov't Code Ann. § 504.107(b) (West, Westlaw through 2023 4th C.S.). The Corporation also moved for summary judgment as to Cressman's claim for breach of the Agreement. Cressman opposed the Jurisdictional Plea and the summary-judgment motion. The trial court signed an order regarding the Jurisdictional Plea and the summary-judgment motion, but the order lacked decretal language and thus failed to rule on the plea or the motion. After we abated this appeal to allow the trial court to sign an order ruling on the plea, the trial court signed a nunc pro tunc order denying the Jurisdictional Plea and the summary-judgment motion without stating its reasons. The Corporation has timely perfected an interlocutory appeal under section 51.014(a)(8) of the Civil Practice and Remedies Code from the trial court's order denying its Jurisdictional Plea. *See* Tex. Civ. Prac. & Rem. Code Ann. §51.014(a)(8) (West, Westlaw through 2023 4th C.S.).

## II. ISSUES AND ANALYSIS

### A. Does this court have appellate jurisdiction?

Section 51.014(a)(8) of the Civil Practice and Remedies Code provides for an appeal from an interlocutory order of a district court denying a plea to the

jurisdiction filed by a governmental unit as that term is defined in section 101.001 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8), 101.001 (West, Westlaw through 2023 4th C.S.). Cressman has not asserted that this court lacks appellate jurisdiction, but we are obligated to review sua sponte issues affecting our appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). At all material times, the Corporation was a Type A economic development corporation. This type of corporation is a governmental unit for the purposes of Civil Practice and Remedies Code chapter 101 (the "Tort Claims Act"), and the actions of a Type A economic development corporation are governmental functions. *See* Tex. Local Gov't Code Ann. § 504.107(b). Because the Legislature expressly expanded section 101.001's governmental-unit definition to include Type A economic development corporations, the Corporation is a governmental unit for purposes of the interlocutory appeal authorized by section 51.014(a)(8). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); Tex. Local Gov't Code Ann. § 504.107(b); *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc*., 571 S.W.3d 738, 747–48 (Tex. 2019) (holding that a Type B economic development corporation may appeal under section 51.014(a)(8) because section 505.106(b) of the Local Government Code, a statute nearly identical to section 504.107(b), provides that this type of corporation is a governmental unit for the purposes of the Tort Claims Act); *Community Health Choice, Inc. v. ACS Primary Care Physicians Southwest, P.A.*, 676 S.W.3d 150, 155 (Tex. App.—Houston [14th Dist.] 2023, pet. filed) (following the Supreme Court's opinion in *Rosenberg* and concluding that a charitable organization created under Health and Safety Code section 281.0565 may appeal under section 51.014(a)(8) because section 281.0565(c) provides that this type of organization is a local government unit for the purposes of the Tort Claims Act). Therefore, this court has appellate jurisdiction over the Corporation's

interlocutory appeal from the trial court's order denying the Jurisdictional Plea.

**B.     Did the trial court err in denying the Jurisdictional Plea?**

The judiciary developed the doctrines of sovereign immunity and governmental immunity under the common law, without any legislative or constitutional enactment. *See Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 431 (Tex. 2016). As the arbiter of the common law, the judiciary has defined the boundaries of these common-law doctrines and determined under what circumstances sovereign immunity or governmental immunity exists in the first instance. *See id.* at 432. The judiciary has generally deferred to constitutional provisions or legislative enactments to waive sovereign immunity or governmental immunity that the judiciary has recognized. *See id.* at 432–33. "Sovereign immunity" refers to the state's immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). In addition to protecting the state from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. *Id*. "Governmental immunity" refers to the immunity from suit and liability of political subdivisions of the State, including counties, cities, and school districts, as to acts performed as a "branch of the state." *See Wasson Interests, Ltd.*, 489 S.W.3d at 429–30; *Wichita Falls State Hosp.*, 106 S.W.3d at 694 n.3.

On appeal, the Corporation argues that the trial court erred in denying its Jurisdictional Plea as to the Tort Claims. In its first issue the Corporation asserts that it has governmental immunity as to tort claims absent a waiver of its governmental immunity because the legislature granted this immunity to Type A economic development corporations under Local Government Code section 504.107(b). In its second issue the Corporation asserts that Cressman has not shown a waiver of the Corporation's governmental immunity as to the Tort Claims.

5

The Corporation does not assert that it is entitled to governmental immunity or immunity from suit under the common law. Instead the Corporation contends that the Legislature granted governmental immunity and immunity from suit to Type A economic development corporations under section 504.107(b) of the Local Government Code, which provides that "[f]or purposes of [the Tort Claims Act], a Type A [economic development] corporation is a governmental unit and the corporation's actions are governmental functions." Tex. Loc. Gov't Code Ann. § 504.107(b). We must decide whether under section 504.107(b), a Type A economic development corporation has governmental immunity as to tort claims for which a governmental unit's governmental immunity has not been waived, without any required showing of entitlement to governmental immunity under the common law.

In *Rosenberg Development Corporation v. Imperial Performing Arts, Inc.*, a Type B economic development corporation (the "Type B Corporation") argued that it had governmental immunity from suit as to breach-of-contract and declaratory-judgment claims asserted against it. *See* 571 S.W.3d 738, 741 (Tex. 2019). The Type B Corporation asserted that in Local Government Code section 505.106(b), the legislature conferred governmental immunity on Type B economic development corporations. *See* Tex. Loc. Gov't Code Ann. § 505.106(b) (West, Westlaw through 2023 4th C.S.) Section 505.106(b) of the Local Government Code, a provision nearly identical to section 504.107(b), provides that "[f]or purposes of [the Tort Claims Act], a Type B [economic development] corporation is a governmental unit and the corporation's actions are governmental functions." Tex. Loc. Gov't Code Ann. § 505.106(b).

In *Rosenberg* the Supreme Court of Texas held that "economic development corporations are not governmental entities in their own right and therefore are not

6

entitled to governmental immunity." *Rosenberg Dev. Corp.*, 571 S.W.3d at 741. The high court said that it did not consider whether the legislature had conferred governmental immunity on the Type B Corporation because section 505.106 does not purport to confer immunity. *See id.* at 747. The *Rosenberg* court asserted that section 505.106(b) "merely imports the Texas Tort Claims Act's limitations on liability and damages." *Id*. The Supreme Court stated that, "[b]ecause section 505.106 merely purports to limit the remedies available when economic development corporations perform governmental functions, we need not consider whether the Legislature can confer immunity by statute or only waive it." *Id*.

"Considering the Development Corporation Act as a whole," the *Rosenberg* court concluded "that the Legislature did not authorize municipalities to create economic development corporations as distinct governmental entities entitled to assert immunity in their own right." *Id.* at 751. The high court emphasized that under the Development Corporation Act, "an economic development corporation 'is not a political subdivision or a political corporation for purposes of the laws of this state,'" and "the Legislature has forbidden authorizing municipalities from bestowing on the corporation any 'attributes of sovereignty.'" *Id*. at 745 (citing respectively, Tex. Loc. Gov't Code Ann. §§501.055(b), 501.010 (West, Westlaw through 2023 4th C.S.)); *see Rosenberg Dev. Corp.*, 571 S.W.3d at 741, 748–49. The *Rosenberg* court noted that governmental immunity has long been described as one of the "attributes of sovereignty." *See id*. at 745. The high court stated that the Development Corporation Act was "notably unique" in the "directness" with which the Legislature stated that economic development corporations are not political subdivisions or political corporations and should not be given attributes of sovereignty. *See id*. at 750.

In its opinion the *Rosenberg* court most of the time used the term "economic

7

development corporation," which includes both Type A and Type B economic development corporations. *See id*. at 744–52. The Supreme Court noted that the text of section 505.106(b) is nearly the same as the text of section 504.107(b), which applies to Type A economic development corporations. *See id*. at 748, n.69. The parts of the Development Corporation Act that the *Rosenberg* court cited apply to both Type A and Type B economic development corporations. *See* Tex. Loc. Gov't Code Ann. §501.055(b) (stating that "a[n] [economic development] corporation is not a political subdivision or a political corporation for purposes of the laws of this state"); *id*. §501.010 (stating that "[a] unit may not delegate to a[n] [economic development] corporation any of the unit's attributes of sovereignty, including the power to tax, the power of eminent domain, and the police power"); *id*. §501.002(17) (defining a "unit" as "a municipality, county, or district that may create and use a corporation under [the Development Corporation Act]"); §501.002(5) (defining a "corporation" as "a corporation organized under [the Development Corporation Act]," which includes both Type A and Type B economic development corporations). Although *Rosenberg* involved a Type B economic development corporation, *Rosenberg*'s reasoning and analysis apply with equal force to a Type A economic development corporation. *See Rosenberg Dev. Corp.*, 571 S.W.3d at 744–52.

Before *Rosenberg* was decided, three sister courts of appeals concluded that Local Government Code section 504.107(b), or its substantially similar predecessor statute, conferred governmental immunity on Type A economic development corporations. *See Weir Bros., Inc. v. Longview Economic Development Corp.*, 373 S.W.3d 841, 845–46 (Tex. App.—Dallas 2012, no pet.); *City of Weslaco v. Borne*, 210 S.W.3d 782, 788 n.1 (Tex. App.—Corpus Christi 2006, pet. denied); *Rayl v. Borger Econ. Dev. Corp.*, 963 S.W.2d 109, 114 (Tex.

App.—Amarillo 1998, no pet.). But these cases conflict with the reasoning of the Supreme Court's opinion in *Rosenberg*, which we are bound to follow. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022); *Lubbock Cnty., Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). Under the *Rosenberg* precedent, the text of Local Government Code section 504.107(b) does not purport to confer immunity and merely imports the Texas Tort Claims Act's limitations on liability and damages. *See Rosenberg Dev. Corp.*, 571 S.W.3d at 747. Therefore, the Corporation does not have governmental immunity, and its appellate arguments lack merit. *See id*.

## III. CONCLUSION

The Supreme Court of Texas's opinion in *Rosenberg* governs the disposition of this case. Under that precedent this court has jurisdiction over this interlocutory appeal under Civil Practice and Remedies Code section 51.014(a)(8). *See Rosenberg Dev. Corp.*, 571 S.W.3d at 748. Under that precedent, Local Government Code section 504.107(b) does not confer governmental immunity and merely imports the Texas Tort Claims Act's limitations on liability and damages. *See id.* at 747. Therefore, the Corporation's appellate complaints lack merit. We overrule the Corporation's two issues and affirm the trial court's denial of the Jurisdictional Plea.


/s/    Randy Wilson
Justice

Panel consists of Justices Hassan, Poissant, and Wilson (Wilson, concurring).

9